## KENDALL AND WIFE v. CLARK (SHERIFF) et als.

A complaint against a sheriff and his sureties for selling, under execution, the homestead of plaintiffs, which sets out that the sheriff was in possession of a certain execution against plaintiff J. Kendall, and, under color of said execution, wrongfully and illegally entered upon and sold certain property, the homestead of plaintiffs, and averring damages in the sum of two thousand dollars, the value of the property is insufficient, as the same does not state facts sufficient to constitute a cause of action.
No damage has or can result from such a sale. If the property sold was a homestead, the sheriff's deed conveyed nothing. The purchaser at such sale could acquire no right to the property, nor could the plaintiff suffer any injury.

APPEAL from the District Court of the Fifth Judicial District, County of Calaveras.

This was an action on the official bond of the defendant Clark, as sheriff of Calaveras county, for selling, under an execution against J. Kendall, certain property claimed by plaintiffs as a homestead.

The complaint sets forth that on or about the twelfth day of July, A. D. 1856, and for many years previous thereto, the plaintiffs were lawfully wedded husband and wife, living together as such, with a family of five children, all residents of the county of Calaveras; that defendant Clark was the sheriff of said county, an that he executed, delivered, and filed in the office of the county clerk of said county his official bond as sheriff; that said bond was duly approved, etc.,—which bond is set out in the complaint; that said defendants are justly indebted to plaintiffs in the sum of two thousand dollars, as follows, to wit: [Here the complaint avers that after the filing and approval of said

2

bond, the defendant Clark being in possession of a certain execution in favor of certain parties, and against the plaintiff J. Kendall, issued out of the District Court of said county, did enter upon and take in execution certain property (described in the complaint,) and sold the same; that defendant Clark, sheriff, was duly notified by plaintiffs that said property, so seized, and subsequently sold, was the homestead of plaintiffs, and as such was exempt from sale under said execution; that said property was less in quantity than "twenty-five hundred square yards," and of less value than "$5000;" that the value was about $2000.] This complaint concludes with a demand for judgment against the defendants in the sum of $2000, damages sustained by reason of such sale. The defendants failing to file their answer in time, or demur, judgment was entered against them by default for the amount claimed. From which judgment the defendants appealed to this Court.

*Heydenfeldt* for Appellants.

. The complaint is insufficient to support the judgment. It shows no injury whatever, and no cause for a suit upon the defendant's bond. It does not even allege a trespass, because it fails to aver that the injury was committed *vi et armis, et contra pacem.* It also fails to show any injury or wrong done to the property. 3 Stephens' Nisi Prius, 2639.

TERRY, C. J., delivered the opinion of the Court—FIELD, J., and BURNETT, J., concurring.

The complaint does not state facts sufficient to constitute a cause of action.

The plaintiff sets out that Clark, who was sheriff of Calaveras, under an execution against plaintiff J. Kendall, levied on and sold certain property, which was the homestead of the plaintiff, and claims damages in two thousand dollars.

From the complaint itself it is clear that no damage has or can result from such sale. If the property sold was a homestead, the sheriff's deed conveyed nothing; the purchaser at such sale could acquire no right to the property, and the plaintiff suffer no injury.

Judgment reversed.