[No. 3,614.]

## RAFAELA COTA DE DEFFELIZ *v.* JOSE JESUS PICO AND FRANCISCO PICO.

NEW TRIAL.—When there is some competent evidence to support the ver_ dict of a jury, a new trial will not be granted on the ground that it is not supported by the evidence.

SHERIFF'S SALE OF HOMESTEAD.—A levy and sale by the Sheriff, under an execution, of a homestead held under the Homestead Act of 1851, made while said Act was in force, was void, and conveyed no title to the purchaser.

APPEAL from the District Court of the First Judicial District, County of Santa Barbara.

Ejectment to recover a lot one hundred and twenty feet square in the Town and County of Santa Barbara.

On the 9th day of August, 1849, the Ayuntamiento of the Pueblo of Santa Barbara granted the lot to Candelaria Canizares. On the 16th day of February, 1858, the Mayor and Common Council of the City of Santa Barbara, the successor of the Pueblo of Santa Barbara, also conveyed the lot to said Canizares. On the 21st of February, 1860, the Sheriff sold the demanded premises to Francisco Villa under an execution on a judgment rendered in favor of said Villa and against Francisco Pico, and said Villa received a Sheriff's

deed September 12th, 1864.    On the 17th day of June, 1864, said Canizares conveyed the premises to said Villa, who thus claimed to have whatever title either Francisco Pico or Canizares had in the premises.    The plaintiff had acquired whatever title said Villa possessed.

The Legislature of this State, by an Act approved May 4th, 1861 (Laws 1861, p. 371), ratified sales of pueblo lots made in Santa Barbara by the Ayuntamiento of the pueblo and by the Mayor and Common Council of the city.

Francisco Pico was living on the demanded premises in 1856 with his family, and continued to reside there until his death, which occurred after June, 1867.    A witness introduced on behalf of defendants stated: "I know that Francisco Pico had bought the lot of C. Canizares for one hundred dollars, about 1855 or 1856, for the reason that I built the house in 1856.    The purchase was made before I built the house."    No objection was made to this testimony, nor was a motion made to strike it out.    It was the only evidence connecting Pico with the title acquired by Canizares.    June 14th, 1867, Francisco Pico conveyed the premises to defendant José de Jesus Pico, his son, and the other defendant was a daughter of said Francisco.

Before the Sheriff made the sale in 1860, Francisco Pico served on him a written notice that he claimed the premises as a homestead.    The defendants lived on the lot with their father, and occupied it after his death.

The following was the first instruction given at the request of the defendant:

"First—If you find as a fact that Francisco Pico was, on the date of the levy by the Sheriff, living on the premises in dispute with a family of his own, in conformity with the Act of 1851, exempting the homestead and other property from forced sale in certain cases, and served the notice of his regarding the premises as his homestead, there having

been no proceeding required by the said statute in such cases by the judgment creditor, the sale under the levy was invalid, and the Sheriff's deed did not give plaintiff title."

The following was the second instruction asked by the plaintiff and refused by the Court:

"Second—A sale by the Sheriff (from which no redemption was made) of premises claimed as a homestead under the Act of 1851, was valid, subject to the right of the husband and wife, to hold the property as a homestead until it ceased to be such; and a failure to make and record a declaration of the homestead, under the Act of 1860 and 1861, was an abandonment of the homestead, and the grantee then became entitled to its actual possession and enjoyment."

The third instruction given at the defendants' request, was as follows: "Written conveyance is not necessary to transfer possession of land." The jury found a verdict for the defendants, and the plaintiff appealed.

The other facts are stated in the opinion.

*Charles E. Huse,* for Appellant, on the question of homestead, cited *Calderwood* v. *Tevis,* 23 Cal. 336; *Smith* v. *Smith,* 12 Cal. 216; Homestead Law, Sec. 6; *Cohen* v. *Davis,* 20 Cal. 180; *McQuade* v. *Whaley,* 31 Cal. 526.

*A. Packard,* for Respondent.

No sale of the property claimed as a homestead under the provisions of this Act was valid, unless the requirements of the Act were strictly complied with. (*Clark* v. *McChristian,* 4 Cal. 23; *Geary* v. *Eastbrook,* 7 Cal. 457; *Drury* v. *McFarland,* 7 Cal. 346.) The purchaser at such sale could acquire no rights, nor the judgment debtor suffer any injury. The Sheriff's deed conveyed nothing. (*Kendall and Wife* v. *Clark,* 10 Cal. 17; *Williams* v. *Young,* 17 Cal. 406.)

By the Court, Belcher, J.:

Whether Francisco Pico purchased the premises in controversy of Candelaria Canizares, and whether he entered into possession of them and thereafter held possession adversely for more than five years before the commencement of this action, were questions for the jury, and we cannot here overrule their decision, based, as it was, upon some competent evidence. This disposes of the title of the plaintiff, so far as it was derived through the deed of Canizares to Francisco Villa, dated June 17th, 1864.

The plaintiff also claimed to deraign title to the premises through a judgment against Francisco Pico, in November, 1857, an execution and Sheriff's sale thereunder in February, 1860, and a Sheriff's deed made in pursuance of such sale, in September, 1864. But the testimony tended to show that at the dates of the judgment, levy, and sale, the premises were occupied by Pico with his family as a homestead, and were, therefore, under the Homestead Act of 1851, not subject to forced sale on execution. If the premises were, in fact, impressed with the character of homestead, then the levy and sale were void, and passed no title to the purchaser. It was so expressly held. by this Court in *Kendall* v. *Clark*, 10 Cal. 17, and in *Williams* v. *Young*, 17 id. 403.

The first instruction given at the request of the defendant was to this effect, and was without error, while the one presented by the plaintiff and refused by the Court expressed the contrary doctrine. The third instruction given for the defendant, to the effect that a written conveyance is not necessary to transfer possession of land, seems to have been warranted by the evidence; but whether so or not, it could not have misled the jury to the prejudice of the plaintiff.

We see no error in the record, and the judgment and order are affirmed.

Mr. Chief Justice Wallace did not express an opinion.