[No. 4250.]

## THOMAS E. MARKS *v.* WILLIAM T. SAYWARD.

PARTNERSHIP LIEN—PLEADINGS.—If one of two partners assigns to a third person his interest in a promissory note belonging to the firm, and the other partner collects the full amount due on the note and is sued by the assignee for half the amount collected, he must, if he has an equitable lien on the same on account of money advanced by him to the partnership, set up such lien in his answer, or he cannot enforce it.

PLEADING EQUITABLE DEFENSE.—In an action at law for money had and received, an equitable defense, if it exist, must be pleaded.

FINDING OF FACTS.—Findings of facts must be within the issues, and if facts are found outside the issues they will not be regarded.

APPEAL from the District Court, ———— Judicial District, City and County of San Francisco.

The record does not show from what District the appeal was taken.

The complaint averred that, on the 26th day of January, 1870, Edward Savannah and William E. Whitney were indebted to Isaac Levy in the sum of $3750, in gold coin, and that they gave Levy their promissory note for the same; and, to secure the note, gave Levy a mortgage on certain real estate in Contra Costa County; that Levy, on the 1st day of February, 1871, assigned the notes and mortgage to the defendant, who, on the 20th day of February, 1871, commenced an action to enforce the mortgage. That pending the action, and on the 15th day of September, 1871, the defendant assigned to one Alfred Fonda, the one-half of the notes and mortgage, and that on the 17th day of October, 1871, said Fonda assigned to the plaintiff Marks his interest in the notes, and that the defendant had notice thereof before the 1st day of January, 1872. That on the 23d of January, 1872, Savannah & Whitney paid to the defendant the full amount due on the notes, to wit, $4614.26, and that the plaintiff had demanded from the defendant one-half the money, which he had refused to pay. Judgment was asked, one-half less the expense of collecting. The above allegations were admitted in the answer. The findings were filed after the Code of Civil Procedure went into effect. The defendant had judgment in the court below, and the plaintiff appealed.

The other facts are stated in the opinion.

*J. M. Seawell,* for the Appellant.

The referee had no power to try anything but the issues raised by the pleadings. (Prac. Act, Sec. 151 *et seq.; Riva* v. *Berryessa,* 2 Cal. 195.)

The answer distinctly admitted the assignments of the note and mortgage under which plaintiff claimed, and the finding by the referee that they were partnership property of Sayward and Fonda is inconsistent with the admissions in the pleadings, and should not be regarded. (*Burnett* v. *Stearns,* 33 Cal. 474.)

The equitable lien of the defendant cannot be set up under the pleadings in this action. The only defense stated in the answer is that the assignment by defendant to Fonda

was procured by fraud, of which plaintiff had notice, and this defense is not found to be true in any respect. (*McCauley* v. *Fulton*, 44 Cal. 355; *Stout* v. *Coffin*, 28 Cal. 65; *Tryon* v. *Sutton*, 13 Cal. 490; *Gregory* v. *Ford*, 14 Cal. 143; *Boggs* v. *Merced Mining Co.*, 14 Cal. 279; *Barron* v. *Frink*, 30 Cal. 486; *Smith* v. *Owens*, 24 Cal. 11.)

*Quint & Hardy*, for the Respondent.

Where the record discloses no objection to the introduction of testimony, nothing to show appellant was misled by a variance, nor aught to show that the effect of such variance could not have been obviated by objection at the trial, then, in the absence of the testimony, this Court will presume, in support of the findings and the judgment, that they were based upon legal evidence, properly admitted on the trial, and that the findings are legitimate conclusions from such evidence. (*Hutchinson* v. *Regan*, 11 Cal. 142; *Dickinson* v. *Van Horn*, 9 Id. 207; *Dimick* v. *Campbell*, 31 Id. 238; *Landers* v. *Bolton*, 26 Id. 393; *Gates* v. *Buckingham*, 4 Id. 286; *De Johnson* v. *Sepulbeda*, 5 Cal. 149.)

Evidence to support the findings in relation to the partnership accounts, could have been properly admitted under the issue directly raised by the pleadings, namely, that Fonda was largely indebted to defendant at the date of the several assignments.

By the Court, RHODES, J.:

The pleadings admit the assignment by the defendant to Fonda, and by the latter to the plaintiff, of one-half of the debt secured by the mortgage, the foreclosure of the mortgage, and the payment of the whole mortgage debt to the defendant. The defenses are that the assignments were made without consideration; that the assignment to Fonda was procured by fraud; that the assignment by Fonda to the plaintiff was made with the intent to defraud the defendant; and that at the time of the assignments, Fonda was and still is indebted to the defendant in an amount exceeding the sum collected on the mortgage. The referee made no finding in respect to the first three defenses above

mentioned, but he found that Fonda and defendant were partners; that the mortgage mentioned in the pleadings was a part of the assets of the partnership; that at the time of the several assignments of the mortgage Fonda was indebted to the defendant in an amount exceeding three thousand dollars, on account of money advanced by the defendant to the partnership; that at the same time the partnership was indebted to third persons in an amount exceeding the value of the partnership property, which indebtedness had since been paid by the defendant, and that the money paid by the plaintiff to Fonda was paid to him individually, and not to the partnership. The plaintiff contends that these facts are not within the issues, and we are of the opinion that this position must be sustained. There is nothing in the proceedings pointing to the existence of a partnership, and it is beyond all doubt that questions concerning a subsisting partnership, its debts and assets, and the rights and liabilities of the partners, cannot be litigated under a vague allegation that the assignor of one of the parties to the action is indebted to another party in a given sum of money. The several assignments of the debt secured by the mortgage, the foreclosure of the mortgage, and the collection by the defendant of the amount due thereon, being admitted by the pleadings, and the findings not sustaining any of the defenses to the action, the plaintiff was entitled to judgment.

Judgment reversed and cause remanded, with directions to enter judgment for the plaintiff for one-half of the amount collected on the judgment of foreclosure, with costs of this action.

Neither Mr. Justice CROCKETT nor Mr. Justice McKINSTRY expressed an opinion.