DUTRO, APPELLANT, v. KENNEDY ET AL., RESPONDENTS.

FIXTURES—*Foreclosure of mortgage.*—Fixtures attached to the realty after the execution of a mortgage may be properly sold by the mortgage creditor, where no issue is raised in the pleadings upon the point.

SAME—*Remedy for removal.*—The remedy of a mortgage creditor against a mortgagor removing fixtures is by injunction, or an action for damages or claim and delivery where the removal is completed.

DAMAGES—*Claim and delivery.*—In an action of claim and delivery, where the demand for damages was for unlawfully detaining the property, a judgment for the amount expended in replacing the goods was improper, but could be recovered under proper pleadings.

*Appeal from First Judicial District, Lewis and Clarke County.*

The action was tried before WADE, C. J.

*Sanders, Cullen & Sanders,* for Appellant.

It cannot be doubted that machinery attached to the realty in the manner the testimony shows this machinery to have been attached, and necessary or convenient for the working of the property, becomes a part of the realty, and cannot be severed therefrom by the mortgagor, even though the same may have been placed on the property after the execution of the mortgage. (1 Washburn on Real Property [4th ed.], pp. 9–23; 1 Jones on Mortgages, § 429; *Winslow* v. *Merchants' Ins. Co.* 4 Met. 306; 38 Am. Dec. 369; *Gray* v. *Holdslip,* 17 Serg. & R. 413; 17 Am. Dec. 694; *Richardson* v. *Copeland,* 6 Gray, 536; 66 Am. Dec. 426; *Rives* v. *Dudley,* 3 Jones Eq. 126; 67 Am. Dec. 232.)

The only question in the foreclosure case was as to the property embraced in the mortgage, and the questions as to what machinery had been placed on the property since its execution,

its character, utility, or necessity, and whether the same was so attached as to become a part of the freehold or otherwise, were not in issue in that case. These questions are raised for the first time in the case at bar, and are not rendered *res judicata,* as between the parties by the findings in the foreclosure case. (*Wood* v. *Jackson,* 8 Wend. 10, 16, 31, 36; *Washington etc. Packet Co.* v. *Sickles,* 24 How. 333, 343, 345; *Lawrence* v. *Hunt,* 10 Wend. 80; Cowen's and Hill's Notes to Phillips on Evidence, pt. 2, n., 121.)

The judgment is erroneous, as it is in favor of both defendants, although the testimony shows conclusively that the defendant, George S. Kennedy, had no interest in the property described in the complaint, or in any part of it. If it did not belong to the plaintiff, then this machinery was clearly the property of Charles S. Scheurman and Mrs. Clara Kennedy, whom the court finds to have been partners engaged in mining upon the claim whereon it was situated. At common law all actions relating to personalty, arising *ex delicto,* for wrongs done to the common property, were to be brought by the cotenants jointly, and one cotenant could not maintain trover or trespass. This is the general rule, and about the only exception is where one of the cotenants has become disqualified from maintaining the action. Upon this fact being shown the court will allow the other cotenant to maintain the suit for the aliquot parts of the damage. (*Putnam* v. *Wise,* 1 Hill, 234; *Haskell* v. *Jones,* 24 Me. 223; *Hall* v. *Page,* 4 Ga. 434; *Starnes* v. *Quin,* 6 Ga. 87; *Gilmore* v. *Wilbur,* 12 Pick. 124; *Parsons* v. *Boyd,* 20 Ala. 117; *Clarkson* v. *Booth,* 17 Gratt. 495.)

*E. W. Toole,* for Respondents.

The court upon the trial in the foreclosure suit found that the appellant was entitled to a lien upon claim No. 5, and the machinery upon the same at the date of the execution of the mortgage, which does not include that in controversy, and a decree was rendered accordingly. No one would doubt but that if the court had not assumed to determine in the foreclosure case what particular property was subject to the mortgage lien, the authorities cited by counsel for appellant would be applicable. It will be assumed that there was an express agreement in writ-

ing, if necessary, that this machinery should be subjected to the mortgage, and that it was put upon the premises accordingly; and that such was the real intent of the parties. (*Potter* v. *Cromwell*, 40 N. Y. 287; *Kelly* v. *Austin*, 46 Ill. 156; *Crippen* v. *Moorison*, 13 Mich. 36; *Eaves* v. *Estes*, 10 Kan. 314; 15 Am. Rep. 345, 351; *Tifft* v. *Horton*, 53 N. Y. 377; 13 Am. Rep. 537; *Hastings* v. *Farmer*, 4 N. Y. 396; 1 Jones on Mortgages, § 429.)

Articles affixed after the mortgage are sometimes *prima facie* regarded as chattels. (1 Jones on Mortgages, §§ 436–439.) And a subsequent agreement may make them such when a part of the realty. (6 Morrison Mining Rep. 62; *Merritt* v. *Judd*, 14 Cal. 59; *Fratt* v. *Whittier*, 58 Cal. 126; *Hendy* v. *Dinkerhoff*, 57 Cal. 3; Malland on Conveyances, 409–411.)

If appellant's solicitude about imaginary cotenants of respondents getting his part of the property or its value, he could have made them parties or brought them in under the statute. If his fear was that a second recovery might be had against him for an aliquot part, he could proceed likewise, or return the property to the party from whom he had wrongfully taken it and thereby relieve himself from further liability. As to effect of a judgment in replevin, see *Lomme* v. *Sweeney*, 1 Mont. 585; *Parchen* v. *Peck*, 2 Mont. 567.

This is the first time that the insufficiency of the evidence has been urged by counsel. There is a general statement in the motion for a new trial that the evidence is insufficient to support the verdict. It does not designate in what particular it is insufficient, nor does the statement contain any such designation. Had plaintiff in error designated this as a ground upon which he would rely in his statement, defendant in error would then be called upon to see that all the evidence upon this point was embodied in the record; as it is, it was the duty of the court and counsel to utterly disregard it. (*Pralus* v. *Pacific G. & S. Mining Co.* 35 Cal. 30; *Elder* v. *Shaw*, 12 Nev. 78; *Caldwell* v. *Greely*, 5 Nev. 258; *McWilliams* v. *Herschman*, 5 Nev. 263; *Love* v. *Sierra Nevada etc. Co.* 32 Cal. 639; *Morrill* v. *Chapman*, 35 Cal. 85; *Sanchez* v. *McMahon*, 35 Cal. 218; *Vilhac* v. *Biven*, 28 Cal. 409; *Walls* v. *Preston*, 25 Cal. 59; *Brady* v. *O'Brien*, 23 Cal. 244; *Hutton* v. *Reed*, 25 Cal. 483; *Patridge*

v. *San Francisco,* 27 Cal. 415; *Fitch* v. *Bunch,* 30 Cal. 208; *Parchen* v. *Peck,* 2 Mont. 567; *Lomme* v. *Sweeney,* 1 Mont. 584.)

There was no request in the replevin case to find what interest defendant had as a cotenant if it could be partitioned out in that way. (Rev. Stats. §§ 277, 280; *People* v. *De Lacey,* 28 Cal. 589; *Miller* v. *Steen,* 30 Cal. 403; *Cruess* v. *Fessler,* 39 Cal. 337; *Polhemus* v. *Carpenter,* 42 Cal. 386; *Logan* v. *Hale,* 42 Cal. 648.)

LIDDELL, J.—In order to correctly understand the points at issue in this case it is necessary to state at some length the facts involved. On the 28th of July, 1879, one Scheurman and George Kennedy were the owners in indivision of a certain mining claim situated in Lewis and Clarke County, and designated in the official survey thereof as lot "No. 54 C," in sections 9 and 16, in township 9 north, range 4 west, commonly known as claim No. 5 east from discovery claim on Park lode.

Kennedy's interest in the claim was standing in the name of R. S. Hale, either to protect it from the pursuit of his creditors, or to secure the payment of a certain sum then due to Hale. At the same time we find that Kennedy's wife, who was a sole trader, also owned three mining claims in her own right, and they were all engaged in mining in Lewis and Clarke County. For the purpose of conducting the business, Kennedy and wife, by power of attorney, authorized Scheurman to borrow money either on sale or mortgage of the property owned by either of them at the date of the instrument. Under this power of attorney Scheurman borrowed $3,500 from one Branch on the 28th of July, 1879, and executed a note therefor, signed by himself, and with the names of Mr. and Mrs. Kennedy.

The money so obtained was used by George Kennedy in paying off his creditor, Hale, who on the 1st of August, 1879, at the former's request, made a title of Kennedy's undivided half interest in the claim (No. 5) to Scheurman; and on the 12th of August, 1879, the latter executed a mortgage on that lot and the property of Mrs. Kennedy for the purpose of securing the note which Branch held for $3,500.

The mortgage was intrusted to Scheurman for registry in Lewis and Clarke County, and he in turn allowed Kennedy to

obtain possession of the instrument, by whom it was destroyed. Branch instituted suit against Scheurman, Kennedy, and his wife, but during the pendency of the litigation transferred his interests therein to Dutro, the present plaintiff, who successfully prosecuted the suit to a final judgment.

Now, the act of mortgage being destroyed, it became necessary to establish the contents, and upon what property it operated; and to that end the trial judge found that "the mortgage was executed in the usual form, upon the whole of claim No. 5, and embraced and covered the tools and machinery thereon, consisting of a steam-engine for operating, and the hoisting works, pumps, etc., and also lots 1, 2, and 3, belonging to Mrs. Kennedy."

After the execution of this mortgage the defendants placed a lot of new machinery upon claim No. 5, consisting of a boiler, engine, pump, drum, hoisting works, and connecting pipes. The boiler was set in brick and stone work, and the engine was placed upon a foundation of masonry and timber let into the ground about six feet, and securely fastened thereto by sixteen iron bolts, which passed through the foundation. The pump does not appear to have ever been securely fastened to the realty, but the rest of the machinery was all in place, and used for the purpose of working the mine.

This machinery was on the mine when the decree was rendered foreclosing the mortgage, and it was also on the property and in place when the mine was sold at sheriff's sale to the plaintiff for $5,502.03 on the 12th of August, 1885, and at that time no objection was made to the sale of the machinery, either because it was not specifically mentioned in the mortgage, or for the reason that it was not a fixture.

Matters remained in this condition until a short time before the delays expired within which the right of redemption might have been exercised, when the defendant, George Kennedy, caused the masonry around the boilers to be torn down, with a view to removing the same, and actually removed the engine, first cutting the sixteen bolts by which it was moored to its foundation, taking also two joints of steam-pipe and other fittings connected with the engine, the drums, the pump, and a lot of wire cable used for hoisting.

The present suit of claim and delivery was instituted to recover this machinery, and damages for unlawfully withholding the same, and resulted in a judgment for the defendants. From an order denying a motion for a new trial, as well as from the judgment, the plaintiff prosecutes the present appeal.

Several errors of law are assigned in the motion, but, under the view which we have taken of the case, it will only be necessary to examine one of them. The case was tried without a jury, and the judge found that the machinery, except the pump, were fixtures, and could not be removed without injury to the realty; that it would cost $500 to replace the same; that it was all put upon the claim after the mortgage; and that the pump was worth $150; finally, that this machinery was not specified in the original decree of foreclosure, from which he concludes that the title thereto did not pass by the foreclosure sale, and the sheriff's deed made in pursuance thereof.

We agree entirely with the judge *a quo* in his findings, but his conclusions of law are erroneous, and the order and judgment appealed from must be reversed. The trial judge misconstrued the scope and effect of the decree in the case of *Dutro* v. *Scheurman.* Under the pleadings in that case it devolved upon the plaintiff to show the power of attorney, the execution of the note, and its consideration, the mortgage, its destruction, its terms, and the property upon which it was imposed; and when this was done the trial judge correctly found the property upon which it was intended to operate, to wit, the mining claim No. 5, and the machinery upon it at the date of its execution. And when, after his conclusions of law, the judge decreed that the plaintiff "was entitled, by virtue of such mortgage, to a lien upon the mining claim, and all the machinery and buildings which were upon and attached to the claim on the 12th of August, 1879," he merely reiterated the terms of the mortgage as it originally existed, and ordered the sale of the real property to satisfy the debt and mortgage. We have carefully searched the pleadings in that case, and can find no issue raised as to the right of the mortgage creditor to sell such machinery and buildings as may have been placed upon the real estate after the execution of the mortgage, in such a way as to become fixtures, and by designation a part of the real estate. Since the decree was

silent in this respect, and no such issue having been made, the right to sell such fixtures must be governed by the general rule which applies between mortgagor and mortgagee under such circumstances. Had the judge found and so decreed otherwise, the findings would have been disregarded as being outside of the issues. (*Marks* v. *Sayward*, 50 Cal. 57; *Gregory* v. *Nelson*, 41 Cal. 279.) In the foreclosure of a mortgage it is the undoubted right of the creditor, not only to sell such real property and fixtures as may be mentioned in the act, but also any improvements and personal property permanently attached to the realty, in such a way as to make it a fixture, and not excepted by the terms of the act. (*Sands* v. *Pfeiffer*, 10 Cal. 259; *Merritt* v. *Judd*, 14 Cal. 60; *Union Water Co.* v. *Murphy Fluming Co.* 22 Cal. 621; 2 Kent Com. 346; 2 Hilliard on Mortgages, p. 382, § 11.) Whenever the mortgagor endeavors to remove the fixtures or improvements upon mortgaged property, he may be enjoined, or the creditor may have his choice of an action for damages, or one of claim and delivery, after he has become the purchaser of the property at sheriff's sale, as in the present instance. Our conclusion is that the plaintiff was entitled to recover the machinery or its value, except the pump, which does not appear from the evidence ever to have been attached to the freehold in such a way as to enable us to say that it was a fixture.

Had the plaintiff framed his complaint properly, he would undoubtedly have been entitled to a judgment for $500 on account of damages; for that is the amount proven to have been necessarily expended in replacing the machinery at the mine. But, upon examining his complaint, the demand for damages is for unlawfully withholding and detaining the goods, which is nothing more than a demand to be paid for the use of the property of which he has been deprived. No evidence was adduced under this demand, but the judge found that the cost of replacing the machinery was $500. Any judgment for damages would therefore be outside of the issues, unless the proof supported the allegations in the complaint. The successful plaintiff in a claim and delivery suit, if in possession of the property, is entitled to a decree fixing his title, and to a judgment for such damages as he may have been occasioned by the acts of the defendant. But

where the latter is in possession the plaintiff is entitled to a judgment for the specific property, and, in default of its delivery, then to a moneyed judgment for the value of such machinery as it stood upon the mine, and not when severed from the realty. (*Rhoda* v. *Alameda Co.* 58 Cal. 357; *Whitbeck* v. *N. Y. Cent. R. R. Co.* 36 Barb. 644.)

It is therefore ordered that the order and judgment appealed from be reversed, and the cause remanded for a new trial, respondents paying costs of this appeal.

BLAKE, C. J., and BACH, J., concur.