118 281
126 632

118 281
135 296
135 355
118 281
145 670
118 281
146 319

[L. A. No. 358.　Department One.—September 15, 1897.]

JACOB RUDEL, Respondent, v. COUNTY OF LOS ANGE-
LES et al., Appellants.

INJUNCTION—ACTS OF SUPERVISORS INCREASING FLOW OF WATERCOURSE—
CHANGE OF CHANNEL OF ANOTHER WATERCOURSE—PROTECTION DISTRICT—
FINDING OUTSIDE OF ISSUES.—An injunction will lie to restrain the super-
visors of a county from changing the channel of a natural water-
course so as to increase the flow of water in another watercourse
which is riparian to plaintiff's land, to the injury of his land and
the improvements thereon; and where there is no attempt at jus-
tification in the answer, on account of the establishment of a pro-
tection district, not including plaintiff's land, for the benefit of
which district the channel was changed, a finding in regard to such
protection district is outside of the issues, and must be disregarded.

ID.—TRIAL OF ISSUES NOT MADE—ESTOPPEL—INSUFFICIENT RECORD—DISRE-
GARD OF FINDING.—The rule that parties who have voluntarily tried issues
not properly made are estopped from urging upon appeal that they
were not made applies only where the record shows that the party
against whom the estoppel is invoked consciously participated or
acquiesced in the trial of the issue as if it had been made, or di-
verted his attention from the fact that it ·was not made, and from
supplying or curing the defect in his pleading by amendment; and
where the evidence is not brought up, and no facts are shown in
the record from which an equitable estoppel can be inferred against
the respondent, and it does not appear but that respondent may
have objected to evidence outside of the issues, a finding of matter
not included in the issues must be disregarded.

ID.—PRESUMPTION UPON APPEAL—ERROR NOT PRESUMED.—Presumption upon
appeal may be made in favor of the regularity of judgments; but
without an affirmative showing error cannot be presumed for the pur-
pose of reversal.

ID.—CONSTITUTIONAL LAW—PRIVATE PROPERTY NOT TO BE DAMAGED FOR PUB-
LIC USE WITHOUT COMPENSATION—POWER OF LEGISLATURE.—Under sec-
tion 14 of article I of the constitution, private property cannot be
taken or damaged for public use without just compensation having
been first made to or paid into court for the owner; and the legisla-
ture cannot authorize a public use, the natural result of which will
be to deprive the owner of property of its beneficial use, without
compensation to the party injured.

ID.—AUTHORITY OF SUPERVISORS OVER PROTECTION DISTRICTS.—The authority
of the supervisors over protection districts, established under the
act of March 27, 1895, to provide for their formation, is confined to
the limits of the district, and does not extend to property situated
outside thereof.

ID.—DRAINAGE—SERVIENT TENEMENT—NATURAL FLOW—ARTIFICIAL INCREASE
OF FLOW.—The rule that land lower than that from which drainage comes
to it is a servient tenement, and is subject to drainage from the

lands above, is confined to the natural flow of water descending upon it without artificial increase, and does not justify the upper proprietor in gathering and concentrating surface water from a large area in a single channel, and precipitating it in volume upon the servient tenement.

APPEAL from a judgment of the Superior Court of Los Angeles County. Lucien Shaw, Judge.

The facts are stated in the opinion.

J. A. Donnell, and George M. Holton, for Appellants.

The owners of the higher tract have an easement for the flow of water over the lower tract. (*Gray v. McWilliams*, 98 Cal. 161; 35 Am. St. Rep. 163; *Ogburn v. Connor*, 46 Cal. 346; 13 Am. Rep. 213; *Los Angeles Cemetery Assn. v. Los Angeles*, 103 Cal. 466.) The supervisors acted under authority of law, and any resulting injury is *damnum absque injuria*. (*Lamb v. Reclamation Dist.*, 73 Cal. 125; 2 Am. St. Rep. 775.)

A. M. Stephens, and Wilson & Balla, for Respondent.

The finding as to the protection district is outside the issues, and must be disregarded. (*Marks v. Sayward*, 50 Cal. 57; *Yosemite Valley etc. Commrs. v. Bernard*, 98 Cal. 199; *Ortega v. Cordero*, 88 Cal. 221.) It is sufficient to sustain the injunction that material injury to plaintiff's land is reasonably probable. (*Nicholson v. Getchell*, 96 Cal. 394.) Plaintiff's property cannot be damaged without compensation. (Const., art. I, sec. 14.) More water than naturally flows upon plaintiff's land cannot be artifically precipitated upon it by defendants. (*Ogburn v. Connor*, 46 Cal. 346; 3 Am. Rep. 213; *Conniff v. San Francisco*, 67 Cal. 49; Washburn on Easements, 2d ed., 427; Gould on Waters, 169, 243, 249, 272; *Crawford v. Rambo*, 44 Ohio St. 279; *Byrne v. Minneapolis etc. Ry. Co.*, 38 Minn. 212; 8 Am. St. Rep. 668; *Burwell v. Hobson*, 12 Gratt. 322; 65 Am. Dec. 247; *O'Connell v. East Tennessee etc. Ry. Co.*, 87 Ga. 246; 27 Am. St. Rep. 246; 22 Am. & Eng. Ency. of Law, 927, 928.) An invasion of private rights by the discharge of water cannot be justified under legislative authority. (*Hooker v. New Haven etc. Co.*, 14 Conn. 146; 36 Am. Dec. 477; *Woodruff v. North Bloomfield Gravel Min. Co.*, 18 Fed. Rep. 753; *Pumpelly v. Green Bay etc. Co.*, 13 Wall.

166; *Arimond v. Green Bay etc. Co.*, 31 Wis. 316; *Rhodes v. Cleve-
land*, 10 Ohio, 159; 36 Am. Dec. 82; *Lackland v. North Missouri
R. R. Co.*, 31 Mo. 180; *Tinsman v. Belvidere etc. R. R. Co.*, 26
N. J. L. 148; 69 Am. Dec. 565; *Rowe v. Portsmouth*, 56 N. H. 291;
22 Am. Rep. 464; *North Albany etc. R. R. Co. v. O'Daily*, 13 Ind.
353; *Cincinnati etc. Ry. Co. v. Cumminsville*, 14 Ohio St. 523;
*Ashley v. Port Huron*, 35 Mich. 296; 24 Am. Rep. 552; *Plum v.
Morris Canal etc. Co.*, 10 N. J. Eq. 256; *Savannah v. Cleary*, 67
Ga. 153; *Little Rock etc. Ry. Co. v. Chapman*, 39 Ark. 463; 43
Am. Rep. 280; *McCombs v. Akron*, 15 Ohio, 474; *Payne v. Kansas
City etc. R. R. Co.*, 112 Mo. 6; *McKenzie v. Mississippi etc.
Boom Co.*, 29 Minn. 288.)

SEARLS, C.—This action was brought to restrain the de-
fendants, who (except the defendant, H. Dovey, as to whom the
appeal has been dismissed) are the duly elected, qualified, and
acting supervisors of the county of Los Angeles, from diverting
the waters of the Rubio cañon and causing the same to flow into
and through Eaton cañon.

The cause was tried by the court without the intervention of
a jury, and upon the findings in writing made, a decree was en-
tered restraining the defendants as prayed for in the complaint.

Defendants appeal from the judgment, and the cause comes
up on the judgment-roll, without a statement or bill of excep-
tions.

From the findings it appears that plaintiff is seised in fee and
is in possession of that certain tract of land situate in the county
of Los Angeles, state of California, particularly described as
the west one-half of the southeast quarter of section seven (7)
in township one (1) south, range eleven (11) west, San Bernar-
dino meridian.

"The Eaton cañon is a cañon making out of the San Gabriel
mountains, lying about four miles north  of the above de-
scribed land.  That said cañon during the rainy season delivers
a large volume of water upon the foothills and plains at the
foot of said mountains, and from the foot of the said mountains
said waters flow by a natural channel down to and upon the
plaintiff's lands, entering the same by a natural channel at the
northwest corner thereof, flowing through the same by said

natural channel to a point at the southeasterly corner thereof, and the said channel in each year when the rainfalls are abundant, is washed out and widened by the said waters flowing therein. Said channel is sufficient to carry the water naturally flowing in said channel during the rainy season, but is not sufficiently large to carry any additional water which should be turned into said Eaton cañon, or the stream leading therefrom, and is insufficient to carry the volume of water which will be turned into the said stream and added thereto by the acts of the defendants hereinafter set forth.

"Said channel so existing on the land of plaintiff is with difficulty controlled by the plaintiff, and any augmentation to the water therein flowing, in the manner as hereinafter proposed and threatened by the defendants, would render it impossible for plaintiff to control said channel and keep the waters within the bounds thereof. Plaintiff has buildings situated upon said tract of land near said channel, consisting of residence and winery, which would be endangered by the addition of any volume of water flowing in said channel; if any considerable volume of water be turned therein there would be very great danger of said residence and winery being washed out and destroyed."

"Should the defendants turn the water into the stream above the lands of the plaintiff, in the manner as hereinafter indicated, and as threatened by them, the said volume of water thus augmented would shift and change its channel from time to time, and would cause the water to flow over the plaintiff's land in various directions, and in a volume not naturally flowing therein, and would wash out and destroy a large portion of the vines on the banks of the said channel and along the lines of the new channel that would be made by the augmented water, and would spread over, overflow, and destroy the vineyard of the plaintiff existing at the mouth of and below the natural channel on his said lands, and would cause the plaintiff's lands to be greatly depreciated in value and irreparably injured.

"5. The Rubio cañon is a cañon flowing out of the said San Gabriel mountains, and distant about one mile west from the said Eaton cañon. The said Rubio cañon is a dry cañon at all seasons of the year, except during the rainy season and for a short

period thereafter, but during the rainy season a large volume of water flows down the said cañon and upon the mesa and plains at the foot of said cañon, and the waters, after passing from the cañon, flow naturally in a southerly direction across the plains toward Eaton cañon wash.

"6. During the month of August, 1895, the board of supervisors of this county, in pursuance of an act entitled 'An act to provide for the formation of protection districts in the various counties of this state, for the improvement and rectification of the channels of innavigable streams and watercourses, for the prevention or overflow thereof, by widening, deepening, and straightening, and otherwise improving the same, and to authorize the boards of supervisors to levy and collect assessments from the property benefited to pay the expenses of the same,' approved March 27, 1895 (Stats. 1895, p. 248), established 'Rubio Cañon Protection District,' and in pursuance of said act were, at the time of the commencement of this action, in the act of constructing a catch-basin about one mile below the point where Rubio cañon emerges from the mountains, and a ditch or canal running from said basin into the Eaton cañon wash and in a different channel than the natural channel of Rubio cañon, for the purpose of controlling and conducting the waters which, in times of heavy rains, flow down Rubio cañon and spread out upon the land at and below the mouth of the cañon and cause great damage to a large and highly improved section of country which forms said 'protection district,' which said canal or ditch would (if constructed) discharge its waters into the Eaton cañon wash at a point about three miles above the land of plaintiff; said point of discharge being no nearer the land of plaintiff than the natural point of discharge of said waters. Plaintiff's land is outside of the boundaries of said protection district.

"The waters from Rubio cañon naturally flow toward Eaton cañon wash, and whenever there is a sufficiently heavy rainfall, under natural conditions, a small portion of such water, if not interrupted or turned aside by artificial means, flows to and into said Eaton cañon wash several miles above plaintiff's land. Except during and immediately after extraordinary and unusually heavy rains the waters of Rubio cañon, owing to the porous nature of the soil over which it flows, and the broad surface over

which it spreads, under natural conditions, all sinks in the ground and none of it reaches Eaton cañon wash; and during and immediately after such rains almost all of it sinks in the ground, and only a very small portion of it reaches Eaton cañon wash.

"If the ditch proposed to be made by the defendants is made as proposed, it will carry substantially all the waters of the Rubio cañon away from its natural channel and into said Eaton cañon wash above plaintiff's land, and will materially increase the size of the stream in Eaton cañon wash as it flows over plaintiff's land above what would flow therein if said ditch is not made, and will thereby seriously injure plaintiff's land by destroying and washing away the soil thereof. The amount of such injury cannot be accurately ascertained nor estimated in advance."

It is proper to observe at the outset that, while the sixth finding of the court describes the defendants as having established "Rubio Cañon Protection District," under and pursuant to the act of March 27, 1895 (Stats. 1895, p. 248), etc., yet in the pleadings there was and is no justification under the protection district act; no issue was made, no defense interposed, upon that ground.

The sixth finding is, therefore, so far as it relates to the Rubio Cañon Protection District, outside of the pleadings and issues of the case.

The general rule is, that the finding of facts must be within the issues (*Devoe v. Devoe*, 51 Cal. 543), and if facts are found outside the issues they will not be regarded. (*Marks v. Sayward*, 50 Cal. 57.)

In *Commissioners v. Barnard*, 98 Cal. 199, the court below found that plaintiff executed a written lease to one Glasscock for a period of one year, etc., and appellant contended that under this finding the plaintiff was not entitled to the possession of the premises sought to be recovered. Harrison, J., speaking for the court, said, in alluding to the point: "The defendant did not, however, allege any defense of this nature in his answer, and there was no issue before the court which authorized it to make the finding, and, consequently, being a finding outside

the issues in the case, it could not form an element in determining the judgment to be rendered." (Citing *McCreary v. Marston*, 56 Cal. 403. See, also, *Hall v. Arnott*, 80 Cal. 348; *Gregory v. Nelson*, 41 Cal. 279; *Burnett v. Stearns*, 33 Cal. 469.) *Ortega v. Cordero*, 88 Cal. 221, is an instructive case on this point.

After discussing the general principle herein referred to, the class of cases in which the record shows the parties have voluntarily tried issues not involved in the pleadings, and are therefore estopped, is referred to, and the principle upon which the doctrine is based is pointed out and the conclusion reached that the application can only be made in cases where the record shows that the party against whom the estoppel is invoked consciously participated or acquiesced in the trial of the issue, as if it had been made, and in such manner as may have induced the other party to believe it had been made, or diverted his attention from the fact that it was not made, and from supplying or curing the defect in his pleading by amendment. (See *Riverside Water Co. v. Gage*, 108 Cal. 240.) The record here fails to show any facts from which an equitable estoppel can be inferred against the plaintiff. None of the evidence is brought up.

*Non constat*, but that if evidence was offered on the point, it was objected to by plaintiff and his objection overruled. As the judgment was in plaintiff's favor he had no cause for appeal, even if error was committed, of which he might have taken advantage had the decision been against him.

Courts sometimes indulge presumptions in favor of the regularity of judgments, but without an affirmative showing do not presume error for the purpose of reversal. We are of opinion the finding in reference to the protection district cannot be held to constitute a factor in the defense of appellant. If, however, the finding is utilized, we fail to see how it can avail the appellants.

The findings show that plaintiff's property is not within the protection district, and sections 5, 7, 9, 10, and 11 of the act show that the authority conferred by the statute is confined to the limits of the district. Were it otherwise, under section 14 of article I of our constitution "private property shall not be taken or damaged for public use without just compensation having been first made to or paid into court for the owner."

The legislature cannot authorize a public use, the natural result of which will be to deprive the owners of property of its beneficial use, without allowing compensation to the party injured. (*Hooker v. New Haven etc. Co.*, 14 Conn. 146; 36 Am. Dec. 477.)

Appellants contend that the land of plaintiff, being lower than that sought to be drained by the acts of the defendants, becomes the servient tenement, and is subject to the drain from the lands above, and cites *Ogburn v. Connor*, 46 Cal. 346, 13 Am. Rep. 213, *McDaniel v. Cummings*, 83 Cal. 515, *Lamb v. Reclamation Dist.*, 73 Cal. 125, 2 Am. St. Rep. 775, *Gray v. McWilliams*, 98 Cal. 161, 35 Am. St. Rep. 163, and *Los Angeles Cemetery Assn. v. Los Angeles*, 103 Cal. 466, in support of their theory.

*Ogburn v. Connor, supra,* held in substance that where two parcels of land belonging to different owners are adjacent to each other, and one is lower than the other, and the surface water from the higher tract has been accustomed by a natural flow to pass off over the lower tract, the owner of such upper tract of land has an easement to have the water flow over the land below, and the lower tract is charged with a corresponding servitude.

Here the plaintiff complains that the defendants have not allowed the laws of nature to dispose of the water through their chosen channel, but are about to construct an artificial channel by which the waters of a stream or cañon are diverted from their natural course and thrown into a new channel, whereby in greatly enhanced quantity it is to be cast upon him with every reasonable probability of involving his property, or a considerable and valuable portion thereof. *Gray v. McWilliams, supra,* and *Los Angeles Cemetery Assn. v. Los Angeles, supra,* reiterated this doctrine, and in the former case, after a review of the cases, it is said: "In the case of surface waters having no defined channels of escape, and the owner of the land upon which they are found being impotent to rid himself of their presence, the law wisely provides that the laws of nature shall be left untrammeled in their disposition."

We fail to see the analogy between those cases and the one at bar. The rule enunciated in the cases noticed did not go to the length of holding that the upper proprietor could gather and

concentrate surface water from a large area in a single channel and precipitate it in volume upon the servient tenement, but only that he was entitled to have it flow in its wonted manner without obstruction.

In the present case, the findings fail to show that the defendants are the proprietors of any dominant tenement, but only that the waters of Rubio cañon in times of flood discharge a large volume of water upon the plain below, to the injury of landowners there situate, and that in cases of extreme flood a small portion of this water overflows and runs into the outlet of Eaton cañon above the land of plaintiff. By virtue of these facts, and to improve the lands injured below the mouth of Rubio cañon, defendants claim the right to turn all the water coming from Rubio cañon in times of flood into the stream flowing from Eaton cañon, to the destruction of plaintiff's property.

The very statement of this proposition demonstrates its illegality. The findings establish a case entitling plaintiff to an injunction under the provision of subdivision 2 of section 526 of the Code of Civil Procedure, and bring the case within the scope of the general rules under which courts of equity restrain the doing of wrongful acts which necessarily eventuate in irreparable injury to others.

We recommend that the judgment be affirmed.

Haynes, C., and Belcher, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.

Harrison, J., Van Fleet, J., Garoutte, J.