[L. A. No. 5485. In Bank.—October 20, 1920.]

SAN GABRIEL VALLEY COUNTRY CLUB (a Corporation), Appellant, v. CITY OF PASADENA (a Municipal Corporation), Respondent.

[1] WATERS AND WATER RIGHTS—DRAINAGE—UNLAWFUL DIVERSION.—Diversion of drainage from its natural channel into a channel through the land of another is unlawful.

[2] ID.—DIVERSION BY STORM DRAINS — WHEN NOT ACTIONABLE.—Diversion of drainage by storm drains is not actionable where the drains operate only to carry what waters would, except for them, flow in the wash for which they are a substitute.

APPEAL from a judgment of the Superior Court of Los Angeles County. Fred H. Taft, Judge. Affirmed.

The facts are similar to those stated in the opinion in *San Gabriel Valley Country Club* v. *County of Los Angeles,* 182 Cal. 392.

Hickcox & Crenshaw for Appellant.

John Munger, City Attorney, and R. S. Parker for Respondent.

LAWLOR, J.—This case, in all its essential facts, is the same as *San Gabriel Valley Country Club* v. *County of Los Angeles,* 182 Cal. 392, [9 A. L. R. 1200, 188 Pac. 554]. It was there held that the plaintiff was entitled to neither injunction nor damages upon the facts presented, and such was the judgment of the trial court here. For a statement of the facts and a discussion of the law applicable to them it is necessary only to refer to that decision.

The only difference between that case and the one at bar lies in the fact that here there were either 75 or 107 acres of land, as the case may be, the drainage of which originally was not into the wash or channel which passes on down to the plaintiff's land, but into another channel to the west or southwest. [1] The diversion of this drainage from its natural channel into the channel through the plaintiff's land was of course unlawful. (See *Rudel* v. *County of Los Angeles*, 118 Cal. 281, [50 Pac. 400].) This fact, however, is wholly immaterial as far as the present case is concerned. The diversion was not one made by the defendant city, but by the inhabitants of the particular territory prior to its incorporation into the city, and more than eight years before the commencement of the present action. [2] More important than this, however, is the fact that such diversion was not made or affected in the slightest degree by the storm drains on account of which exclusively this action is brought. Those drains operate only to carry what waters would, except for them, flow in the wash for which they are a substitute. If the plaintiff has any right to complain of the diversion of the drainage of the lands mentioned, the present action was not brought to enforce it, and the right is not here involved.

The judgment is affirmed.

Shaw, J., Olney, J., Wilbur, J., Sloane, J., Lennon, J., and Angellotti, C. J., concurred.