Howe *v.* Oswego and Syracuse Railroad Company.

[ONONDAGA GENERAL TERM, June 25, 1867. *Bacon, Foster* and *Mullin,* Justices.]

———•●•———

56b 121
22ap550

HOWE *vs.* THE OSWEGO AND SYRACUSE RAILROAD COMPANY.

Where a cask of brandy was shipped by the plaintiff, at Syracuse, on the defendant's railroad, consigned to a person at Oswego, which was proved to have been in good order when it left the plaintiff's store to be delivered to the defendant, and to have been receipted by the defendant's agent, but when it was delivered to the consignee, the cask was injured and leaking, and a portion of the brandy had leaked out; *Held* that the justice was warranted in finding, upon this evidence, that the cask was in good order when delivered to the defendant, and that it was injured while in its charge.

The law holds a carrier responsible to the owner, for all loss and damage of the property entrusted to his care, whether it arise from his own neg-

ligence or that of his servants, or of third persons; or whether it be caused by the tortious acts of himself or others, who are not the public enemies; or whether it be by unavoidable accident, not caused by the act of God.

Against all such losses the carrier is an insurer, and he must make them good, whatever may be their extent; and it is no answer to the claim of the owner, that he has done the best he could.

But this principle of law is not to be applied in such a manner as to call for unnecessary forfeitures on the part of the carrier; nor so as to compel him to be the purchaser of the bulk of a consignment committed to him, when only a part of it is injured or lost; unless the injury or loss be such as to render the residue unmerchantable, or unfit for the use to which such property is ordinarily applied.

Where a cask containing ten gallons of brandy was delivered by the plaintiff at Syracuse, to the defendant, to be transported to Oswego and there delivered to A., which, when received by the defendant was in good order, but on delivery to the consignee, the cask was injured and leaking, and about a gallon of brandy gone from it; *Held*, in the absence of any claim or proof that the nine gallons delivered were of any less value per gallon than they would have been if the other gallon had not leaked out, that it was the duty of the consignee to receive the same; and that the plaintiff was entitled to recover only for the cask and for the quantity of liquor that was missing.

Receiving from a carrier property which has been damaged by him, or a part of which has been lost, is no waiver of the claim for compensation for all the damages sustained.

APPEAL from a judgment of the county court of Onondaga county, affirming a judgment in favor of the plaintiff in a justice's court. The material facts are stated in the opinion.

*A. P. Grant*, for the appellant.

*James Noxon*, for the respondent.

*By the Court*, FOSTER, J. The action was brought to recover the value of a keg, and of ten gallons of brandy therein contained, which were shipped at Syracuse, on the defendant's railroad, consigned to one Ashley, in Oswego, and proved to have been of the value of $31.25. It appeared by the plaintiff's witnesses, that the cask contained

the ten gallons of brandy, and that it was in good order when it left the store of the plaintiff, in Syracuse, to be delivered to the defendant; that the agent of the defendant receipted the same; and that when it was delivered to Ashley the cask was injured and was leaking; that about one gallon of the brandy had then leaked out; that Ashley refused to receive it, on account of its bad condition, and that it was returned to the warehouse of the defendant by the teamster, (who had taken it to Ashley,) and remained there, and had never been demanded by the plaintiff. It also appeared, by the testimony of Ashley, that when the cask was delivered on the sidewalk in front of his store, the teamster who brought it said, "we dropped it, and it would not hurt much to draw it off." It also appeared that the teamster was in the employ of one Murdock, who took goods and property from the railroad station at Oswego, to consignees, on his own account; and that he had previously received directions from Ashley to deliver his goods as they arrived, from time to time. The teamster was sworn for the defendant, and, among other things, testified that the cask was leaking when he took it from the warehouse of the defendant; and therefore if the defendant received it in good order, it was undoubtedly liable for any injury which the cask sustained. The agent of the plaintiff, who took it from his store to the depot of the defendant, was not called as a witness, but it is not to be presumed that the injury happened while in his hands; for in such case it is not probable that the defendant's agents at Syracuse would have received it.

I think the justice was warranted, upon the evidence, in finding that it was in good order when delivered to the defendant, and that it was injured while in its charge.

The only remaining question, therefore, is whether the plaintiff was entitled to recover the value of all the brandy

and of the cask, or only the value of the cask and of the liquor which was wasted.

The law holds the carrier responsible to the owner for all loss and damage of the property intrusted to his care, whether it arise from his own negligence or that of his servants, or of third persons; or whether it be caused by the tortious acts of himself or of others, who are not the public enemies; or whether it be by unavoidable accident, not caused by the act of God.

Against all such losses the carrier is an insurer, and he must make them good, whatever may be their extent; and it is no answer to the claim of the owner, that he has done the best he could.

This principle of law, while it rests upon considerations which manifestly call for its application to the extent above stated, is not to be applied in such a manner as to call for unnecessary forfeitures on the part of the carrier; nor so as to compel him to be the purchaser of the bulk of a consignment committed to him, when only a part of it is injured or lost, unless the injury or loss be such as to render the residue unmerchantable, or unfit for the use to which such property is ordinarily applied. As, for instance, if a carrier by water should by negligence sink a cargo of wheat, which he was transporting, and wet the grain so as to render the bulk of the load unfit for its appropriate use, or so as to render it unsaleable in the market, or, in other words, unmarketable, the owner might refuse to receive it, and could compel the carrier to pay the value of the whole cargo which was injured. And the same would be the case if a carrier, transporting a load of books, paper or merchandise, suffered the consignment to be wetted or otherwise injured, so as to depreciate the value of the whole, or the main part thereof; or if he should break some article of property, or deface a picture delivered to him, so as to injure it as a whole; in all these, and in kindred cases, compensation for the whole value is

given, because the law will not compel the owner to receive from the carrier, property which has been injured and depreciated while in his hands; and because there is no other remedy which would afford complete and full relief. But if, instead of the whole cargo of wheat being damaged and thereby made unmerchantable, only one or two hundred bushels should be spoiled, and all the residue of the shipment should remain as good as it was when shipped; or only a few of the books, not forming parts of sets, or two or three reams of the paper, or one or two pieces of the merchandise contained in the boxes, should be damaged; or only one of a great number of the articles should be broken; or only one out of twenty pictures, whether all were copies of the same original, or separate and independent, was defaced, so as, in each of the supposed cases, those not injured would remain just as merchantable and valuable as they would be if the others had not been damaged, the rule is equally clear, in my opinion, that the owner is bound to receive such as are delivered to him in good order, although the package may have been broken, and some portions thereof were injured. And the rule is the same, in all such cases, if instead of part of the consignment being damaged, it is lost.

I have said that the testimony of Ashley shows that when the cask was delivered at his store there was about one gallon of the brandy gone from it; and it is not claimed, nor is there anything to show, that the nine gallons which were so delivered were of any less value per gallon than they would have been if the other gallon had not leaked out. It was clearly his duty to receive it, and he was entitled to recover only for the cask and for the quantity that was missing.

But it may be said that perhaps, as between the plaintiff and Ashley, the latter was not bound to receive less than ten gallons, and that therefore the defendant is bound to respond to the plaintiff for the whole; but this, however

it may be as between the plaintiff and Ashley, cannot change the rule as I have stated it; for the liability of the carrier is not to be increased by the act of the consignee, whether owner or not, but must rest upon the acts of the defendant, and those for which he was accountable before and at the time of his delivering to the consignee.

The rule which I have stated is not onerous upon the plaintiff, nor would it be so applied against the consignee; for it is well settled that receiving from a carrier property which has been damaged by him, or a part of which he has lost, is no waiver of the claim for compensation for all the damages sustained. (*Bowman* v. *Teall*, 23 *Wend.* 306, *and cases there cited.*)

The judgment of the justice, which was in favor of the plaintiff for the value of the whole of the brandy and cask, was erroneous; and that, as well as the judgment of the county court, affirming it, should be reversed, with costs.

[ONONDAGA GENERAL TERM, June 25, 1867. *Morgan, Bacon, Foster* and *Mullin*, Justices.]