[No. 12269. Department One. — November 5, 1889.]

WILLIAM E. HOLLOWAY, RESPONDENT, v. G. W.
McNEAR, APPELLANT.

CHARTER-PARTY — PROVISION FOR PAYMENT OF COMMISSION — USAGE AND
CUSTOM — EVIDENCE. — Parol evidence of the usage and custom of trade
is inadmissible to contradict or vary an unambiguous clause of a charter-
party providing that a commission at a specified rate shall be paid by the
vessel after loading to the charterer.

ID. — ADMISSION OF EVIDENCE WITHOUT OBJECTION. — Where evidence of
such usage is admitted without objection on the trial, the court may
properly instruct the jury not to consider it for the purpose of varying
the terms of the written instrument.

APPEAL from a judgment of the Superior Court of the
city and county of San Francisco, and from an order
refusing a new trial.

The facts are stated in the opinion.

*T. I. Bergin,* and *McAllister & Bergin,* for Appellant.

Evidence of the usage of trade was proper to explain the provision of the charter-party as to the commission. (*Whitney* v. *Boardman,* 118 Mass. 242; *Walls* v. *Bailey,* 49 N. Y. 468; 10 Am. Rep. 407; *Hinton* v. *Locke,* 5 Hill, 437; *Grant* v. *Maddox,* 15 Mees. & W. 737; *Smith* v. *Wilson,* 1 Barn. & Adol. 728; *Cooper* v. *Kane,* 19 Wend. 386; 32 Am. Dec. 512; *Humphrey* v. *Day,* 7 El. & B. 266; Lawson on Usages and Customs, 368, 382; Code Civ. Proc., secs. 1857, 1861.)

*Jarboe, Harrison & Goodfellow,* for Respondent.

If there had existed any custom at variance with the written instrument, it could not have been admitted in evidence. (Code Civ. Proc., sec. 1870, subd. 12; *Polhemus* v. *Heiman,* 50 Cal. 438; *Hughes* v. *Bray,* 60 Cal. 284; *Moran* v. *Prather,* 23 Wall. 499–501; *Partridge* v. *Ins. Co.,* 15 Wall. 579; Lawson on Usages and Customs, 412 et seq., 434 et seq.)

FOOTE, C. — This action was instituted by Holloway, who was the assignee of the rights and claims of Hughes & Co., a partnership, such rights and claims accruing under a certain charter-party executed for McNear by his agents, Iredale and Son, and by Hughes & Co. for themselves. Under that instrument the defendant chartered a certain ship, the Lord Cairns, to transport a cargo to Europe from San Francisco. When the ship was ready to receive her cargo she was offered to the defendant, who refused to take her; and she was then chartered to other parties at a lower rate for freightage than the defendant contracted for. This action was brought to recover damages for the non-performance of the contract under the charter-party. The defendant, who is the appellant here, claimed, by way of defense, that his

agents had no authority from him to make the contract as they did. He alleges that his telegram to them in cipher, conveying the terms upon which he was willing to enter into the agreement or charter-party, was not followed by his agents; that they stipulated for a less amount of commissions to him than he authorized. The language of the telegram was this (received August 8, 1884): "Lord Cairns you may charter if address commissions two and one half per cent, and charter commissions here five per cent." The answer to that by his agents was: "Lord Cairns we have chartered for your account."

The clause in the charter-party relating to the matter of commissions is in this language: "Vessel to be consigned (inward only) at port of discharge to charterer's agent, to whom a commission of two and one half (2½) per cent on amount of freight is to be paid. . . . . A commission of five per cent on this charter-party shall be paid by the vessel after completing the loading, ship lost or not lost, at customary rate of exchange, in United States gold coin, to charterers." It is claimed that although this language on its face gives two and one half per cent to the charterer's agents, and five per cent to the charterer, that nevertheless, by custom and usage, the language of the last sentence of the contract above mentioned meant something else; that is, that although, by its terms, five per cent as commissions was to go to the charterer, that in reality, interpreting the language in the light of custom and usage, it did not mean what it purported to mean. We are thus asked to construe the language of a written instrument contrary to its plain and manifest meaning, giving to the words their ordinary signification, and to read it according to a usage of trade solely. This the court below refused to do, and informed the jury that by the terms of the instrument the defendant and charterer was to receive the amount of commissions which his telegram called for,

viz., five per cent. In this we think the court was correct. The instrument was not ambiguous or doubtful, and it was therefore for the court to construe it for the jury.

The evidence introduced upon the question of usage was not objected to, and the court afterwards instructed the jury to disregard it. We perceive no error in this. The evidence did not go to the question as to what the meaning of the language was in the light of usage. It was rather to the usage in respect to what the charterer was to do with the five per cent commissions after he received it. What he should do with the money was not to be expressed in the contract. What he was to receive as charterer was to be placed therein; and this was done as he ordered it. Again, when it became evident to the court, after the evidence was introduced, that it was intended to vary a written instrument wherein there was no ambiguity whatever, it would not have been proper for the jury to consider it, as that would be to contradict the terms of a written instrument, which, being plain and intelligible, was for the court to construe, and not the jury. In his fourth point, the defendant expresses himself thus: "The exceptions to the charge of the court were well taken. The court erred in refusing to give instructions asked on the part of the defendant." To this extent only are we informed of the alleged errors of the trial court in the matter of the instructions referred to. We suggest, with all due respect to counsel, that while brevity is, as has been heretofore stated (*Dale v. Purvis*, 78 Cal. 113), in such matters, much to be commended, it seems in the present instance to be so extreme as to indicate that the defendant has no real ground of objection, and we must therefore so treat it. Perceiving no prejudicial error, we advise that the judgment and order be affirmed.

GIBSON, C., and VANCLIEF, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order are affirmed.