[S. F. No. 1414.   Department One.—March 14, 1900.]

## MILWAUKEE MECHANICS' INSURANCE COMPANY, Appellant, v. PALATINE INSURANCE COMPANY, Respondent.

Fire Insurance—Reinsurance—Mistake of Applicant—Reformation.— A policy of reinsurance in another company taken by a fire insurance company for one year, dated one day prior to the date of its own policy for one year, does not cover a loss occurring on the last day of its policy; and the mistake of date by the applicant for reinsurance, not known to or concurred in by the company issuing the policy of reinsurance, is not ground for reforming that policy, which was issued according to the terms of the written application therefor.

Id.—Mutual Mistake Requisite for Reformation.—Equity cannot reform a policy of insurance unless by mutual mistake of the parties it has failed to express their agreement, and such mutual mistake must be made out by the clearest evidence.

Id.—Incompetent Evidence—Custom of Insurance Companies.—Evidence as to the custom of insurance companies as to the period of reinsurance is incompetent to control the terms of a policy of reinsurance for a definite period between two dates, issued pursuant to a written application therefor.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   Edward A. Belcher, Judge.

The facts are stated in the opinion of the court.

E. W. McGraw, for Appellant.

A contract of reinsurance can only be issued to cover the risk incurred by a policy in favor of a third party. (Civ. Code, secs.

2645, 2648; 1 Phillips on Insurance, secs. 374, 376; 1 Riddle on Insurance, sec. 379; 2 Wood on Insurance, 2d ed., sec. 407; 1 May on Insurance, 3d ed., secs. 9, 11; *Commonwealth Ins. Co. v. Globe Mut. Ins. Co.*, 35 Pa. St. 479.) A mistake of fact as to the time when the original policy was to run is ground for reforming the reinsurance to conform thereto. (Civ. Code, sec. 3401.) The contract is to be interpreted according to the custom of insurance companies as to reinsurance, and the circumstances under which it was made. (Civ. Code, secs. 1646, 1647.) The contract being by its terms to cover "the same risks, etc., assumed by the reinsured company," and being for one year, the original policy of insurance is part of the contract of reinsurance, and the false dates should be rejected as false, which leaves the policy of reinsurance in full force to cover the risk assumed by plaintiff, according to the true meaning of the reinsurance. (*Philadelphia Life Ins. Co. v. American Life Ins. Co.*, 23 Pa. St. 66.) False matter of description should be rejected in interpreting a contract of insurance, as well as in any other instrument or contract. (*Hatch v. New Zealand Ins. Co.*, 67 Cal. 123; *Girard Fire Ins. Co. v. Boulden* (Alabama, 1893), 11 So. Rep. 773; *Phoenix Ins. Co. v. Gebhart*, 32 Neb. 144; *Burr v. Broadway Ins. Co.*, 16 N. Y. 267; *Heath v. Franklin Ins. Co.*, 1 Cush. 257; *Eggleston v. Council Bluffs Ins. Co.*, 65 Iowa, 308; *Everitt v. Continental Ins. Co.*, 21 Minn. 377.)

Ryland B. Wallace, W. W. Sanderson, and T. C. Van Ness, for Respondent.

There was no proof of mutual mistake of both parties, and equity will not reform the contract. (15 Am. & Eng. Ency. of Law, 1st ed., 647, 650; Adams' Equity, sec. 171; 1 Story's Equity Jurisprudence, secs. 157, 173; *New York Ice Co. v. Northwestern Ins. Co.*, 31 Barb. 72; *Ford v. Joyce*, 78 N. Y. 618; *Lyman v. United Ins. Co.*, 2 Johns. Ch. 630; *Mead v. Westchester Ins. Co.*, 64 N. Y. 453; *Tesson v. Atlantic Mut. Ins. Co.*, 40 Mo. 33; 93 Am. Dec. 293; *Jarnatt v. Cooper*, 59 Cal. 703.) Evidence of custom or usage is inadmissible to control a clear and unambiguous policy. (Code Civ. Proc., sec. 1870, subd. 12; *Hearn v. Equitable Safety Ins. Co.*, 4 Cliff. 192.)

GAROUTTE, J.—This action is based upon a policy of reinsurance. Plaintiff, having issued a policy of insurance for one year upon certain personal property, made application to defendant for reinsurance. This application asked defendant to issue it a policy of reinsurance covering the period from June 19, 1894, to June 19, 1895, and the application was granted and the policy issued. The property was destroyed by fire June 20, 1895. Plaintiff now contends that the policy of reinsurance issued by defendant covered the risk, inasmuch as its (plaintiff's) policy upon the property covered the risk, being a policy running from June 20, 1894, to June 20, 1895. It bases this contention upon the further claim that it was intended by both parties that the two policies of insurance should cover the same period of time. In other words, a mutual mistake of fact is relied upon, and additional relief in the form of a reformation of the policy of reinsurance in this regard is asked.

Plaintiff placed an expert witness upon the stand and asked him three questions, to which objections were sustained, whereupon it rested its case, and a nonsuit was ordered. A great majority of the allegations of the complaint are admitted by the answer, but an important denial is made upon the matter of mutual mistake; and in this regard the answer alleges: "But, on the contrary, defendant avers that when it issued its policy of reinsurance, No. 260,084, to plaintiff, mentioned in the complaint, it intended to reinsure the plaintiff for the time mentioned in said policy of reinsurance, and not otherwise, nor for any greater or different time than that expressed in its said policy of reinsurance."

The three aforesaid questions are as follows: "1. Could any person conversant with the business of insurance in San Francisco know readily from said application that said policy No. 500,963 of the Milwaukee Mechanics' Insurance Company was a policy for one year only? 2. Under the customs of insurance prevailing in San Francisco, is the class of property described in the said application a class for which insurance is issued for more than one year? 3. What was and is the custom of the insurance companies as to insuring the class of property described in the said application as to the time for which such insurance is written?"

This whole case seems to hinge upon the proposition as to whether or not there was a mutual mistake of fact in the making of the contract of reinsurance. Of course it may be conceded that plaintiff made a mistake in applying for reinsurance from June 19th to June 19th, rather than from June 20th to June 20th. But we fail to find anything to indicate that the mistake was mutual. We see nothing to show a mistake upon the part of defendant. Defendant gave reinsurance upon the facts stated in the application; it had no other information upon the subject. The application asked for reinsurance from June 19th to June 19th, and such reinsurance was given. It appears to have made the exact contract it intended to make, and the court cannot make a different contract for it. This court cannot say it would have entered into a contract of reinsurance from June 20th to June 20th, much less declare in the face of the plain letter of the contract to the contrary that it actually did enter into such a contract. It is said in *Tesson v. Atlantic Mut. Ins. Co.,* 40 Mo. 33, 93 Am. Dec. 293: "A court of equity has jurisdiction to reform a policy of insurance, or other written contract, upon parol evidence where the agreement really made by both parties has not been correctly incorporated into the instrument, through accident or mistake, in the framing of it; but both the agreement and the mistake must be made out by the clearest evidence, according to the understanding of both parties as to what the contract was intended to be, and upon testimony entirely exact and satisfactory; and it must appear that the mistake consisted in not drawing up the instrument according to the agreement that was made." Tested by the rule here declared, it seems that plaintiff falls far short of proving a cause of action.

We pass to a consideration of the evidence proposed to be offered by plaintiff, assuming that answers to these questions would have been given in conformity with its theory of the case. Let us assume the answer to the first question to be in the affirmative. Then such answer does not strengthen plaintiff's case, for here the policy of reinsurance was issued for the period of one year. A negative answer to the second question would likewise present matter immaterial for the reason just suggested. Assuming that the answer to the third question would have disclosed that the general custom was to issue reinsurance

policies for the same period of time covered by the original policy, still such evidence would not have the strength of a hair as against the plain letter of a contract prescribing a different period of time. Certainly, contracts of reinsurance could be made covering a period of time different from that covered by the original policy of insurance, and in the face of this contract, which prescribes a certain definite period of time, no general custom bearing upon these matters could stand for a moment.

For the foregoing reasons the judgment is affirmed.

Harrison, J., and Van Dyke, J., concurred.

Hearing in Bank denied.

Beatty, C. J., dissented from the order denying a hearing in Bank.