[Civ. No. 294. First Appellate District.—February 16, 1907.]

## P. R. LEONHART, Respondent, v. CALIFORNIA WINE ASSOCIATION, Appellant.

ACTION FOR BREACH OF CONTRACT—PURCHASE OF GRAPES—DIFFERENT KINDS AND PRICES—PLEADING—SHRINKAGE IN WEIGHT—DEMURRER FOR UNCERTAINTY—HARMLESS ERROR.—In an action to recover damages for breach of a contract to purchase grapes of different kinds and prices, where damage was claimed for rejection of one kind and loss on resale, and also for shrinkage in weight by reason of delay in acceptance of the grapes at maturity, of over forty-five tons, a demurrer for uncertainty in not stating what shrinkage occurred in each kind of grapes at a designated price should have been sustained; but where it appeared in evidence at the trial that the shrinkage was in only one kind of grapes delivered, the error was harmless, and not ground for reversal of a judgment for plaintiff.

ID.—UNCERTAIN PLEADING LIKE OTHER ERROR AFTER TRIAL.—The same rule applies to errors in overruling demurrers for uncertainty in pleading, after trial of the issues, that applies to the errors of the court. The error must be not merely abstract, but must be prejudicial and injurious, to avail the appellant, otherwise he has no cause for complaint.

ID.—TERMS OF CONTRACT AS TO DELIVERY OF GRAPES—INCONSISTENT DEFENSE OF CUSTOM—PAROL EVIDENCE INADMISSIBLE.—A custom as to the delivery of grapes in small installments, which is inconsistent with the terms of the written contract for their delivery, constitutes no defense to the action for its breach; and the contract being certain in its terms, parol proof of usage is not competent to vary it.

ID.—JURY TRIAL—REQUEST FOR SPECIAL VERDICT—REFUSAL—ERROR NOT SHOWN—PRESUMPTIONS UPON APPEAL.—Where, upon the trial of the action by jury, defendant requested a special verdict, which was refused, and the record upon appeal fails to specify upon what issues it was requested, no error is shown in the refusal. Error will not be presumed upon appeal; but all intendments are in favor of the regularity of the action of the trial court.

ID.—EVIDENCE—DELAY OF OTHER PERSONS IN DELIVERY OF GRAPES.— Evidence on the part of the plaintiff to show that persons other than the plaintiff were delayed in the delivery of their grapes was admissible, not to show that plaintiff was also delayed, but to show the congested condition and lack of facilities at the winery of the defendant for accepting grapes.

APPEAL from a judgment of the Superior Court of Fresno County, and from an order denying a new trial. George E. Church, Judge.

The facts are stated in the opinion of the court.

Pillsbury, Madison & Sutro, and Johnston & Jones, for Appellant.

The complaint was uncertain, and the court erred in overruling the demurrer. (*Mallory* v. *Thomas,* 98 Cal. 644, 33 Pac. 757; *Grandona* v. *Lovdal,* 70 Cal. 161, 11 Pac. 623.) The custom as to the delivery of the grapes was a proper defense, and the defendant should have been allowed to prove it. (12 Cyc. 1082, and cases cited.) The test is whether, if the custom had been written into the contract, it would render it insensible or inconsistent. (12 Cyc. 1092; *The Alida,* 1 Abb. Adm. 171; *Rendenau* v. *Bullock,* 147 N. Y. 269, 41 N. E. 561; *Ah Tong* v. *Earl Fruit Co.,* 112 Cal. 679, 45 Pac. 7; *McKeefrey* v. *Connellsville,* 56 Fed. 42, 5 C. C. A. 482; *Robinson* v. *United States,* 13 Wall. 363, 20 L. Ed. 653.) The court erred in refusing the written request for a special verdict in writing upon issues specified therein. The court must

grant such request. (Code Civ. Proc., sec. 625, as amended 1905.)

L. L. Cory, for Respondent.

Under the proofs at the trial, any error in overruling the demurrer for uncertainty appears not prejudicial. (*Holland* v. *McDade*, 125 Cal. 353, 58 Pac. 9; *Stephenson* v. *Deuel*, 125 Cal. 656, 58 Pac. 258; *Alexander* v. *Central Lumber Co.*, 104 Cal. 536, 38 Pac. 410.) The contract was definite and certain as to terms and could not be varied by evidence of usage or custom. (*Withers* v. *Moore*, 140 Cal. 591, 74 Pac. 159; *Corwin* v. *Patch*, 4 Cal. 204; *Polhemus* v. *Heiman*, 50 Cal. 438; *Ah Tong* v. *Earl Fruit Co.*, 112 Cal. 679, 45 Pac. 7; *Hughes* v. *Bray*, 60 Cal. 284; *Moran* v. *Prather*, 23 Wall. 499-501, 23 L. Ed. 121; *Partridge* v. *Insurance Co.*, 15 Wall. 579, 21 L. Ed. 229; *Bernard* v. *Kellogg*, 10 Wall. 383, 19 L. Ed. 987.) No error appears in the record as to the refusal of the request for a special verdict and error cannot be presumed. (*Sheehy* v. *Shirm*, 103 Cal. 325, 37 Pac. 393; *In re Yoakam*, 103 Cal. 503, 37 Pac. 485; *Rudel* v. *Los Angeles County*, 118 Cal. 281, 50 Pac. 400; *McLennen* v. *Wilcox*, 126 Cal. 51, 58 Pac. 305.)

KERRIGAN, J.—This is an action brought by the repondent against the appellant to recover damages, claimed to have been sustained by respondent through the failure of appellant to carry out the terms of a contract for the purchase of grapes.

The amended complaint alleges that respondent delivered to appellant a certain quantity of different kinds of grapes specified in the contract, and by reason of the delay of appellant in accepting the grapes as they matured, a large portion of the grapes which were delivered had shrunk in weight to an amount exceeding forty-five tons; that a portion of the grapes, the Malagas, was rejected altogether; that the Malaga grapes were then sold for the highest market price, and the appellant charged the difference between the amount actually realized and the contract price.

The action was tried before a jury, which rendered a verdict in favor of the plaintiff. The appeal is from the judg-

ment, and from the order denying defendant's motion for a new trial.

Appellant demurred specially to the amended complaint on the ground that it could not be determined therefrom what portion of the shrinkage in an amount exceeding forty-five tons occurred in the Zinfandel grapes delivered, what portion occurred in the Burger grapes delivered, what portion occurred in the Faher Zagos grapes delivered and what portion occurred in the Sultana grapes delivered. The contract fixes the price for each of the first three kinds named at $16 a ton, and that of the last kind named at $15 a ton. Had the price to be paid for each variety of grapes been the same it would have been immaterial how the shrinkage was distributed. The complaint is uncertain in the respect pointed out in the demurrer, and it should have been sustained. The error, however, is highly technical, and concerns a mere trifle in amount. Only a very small proportion of the loss could have been in the $15 a ton variety, for the complaint shows that but a little over three tons of that variety were delivered, and then again the evidence discloses that the shrinkage was in the Zinfandels alone. The error is harmless, and does not affect the case. The court will not reverse a judgment for such an error. In the case of *Alexander* v. *Central L. & M. Co.*, 104 Cal. 536, [38 Pac. 410], it is said: "It is not in all cases where error has been committed by trial courts in overruling demurrers to complaints upon the grounds of ambiguity or uncertainty, that this court will order a reversal of a judgment based upon a trial of the issues made by the complaint and answer. The same rule applies to errors of this character as is invoked as to all other errors of the court. It must not be a mere abstract error, but it must be prejudicial and injurious error in order to avail appellant; otherwise he has no cause of complaint." (See, also, *Holland* v. *McDade*, 125 Cal. 353, [58 Pac. 9]; *Stephenson* v. *Dewey*, 125 Cal. 656, [58 Pac. 258].)

The appellant in its answer set up as a special defense that the crushing capacity of the winery at which these grapes were to be delivered did not exceed one hundred tons per day, and that the amount of grapes which might be delivered at the winery under ordinary conditions was in excess of nine thousand tons during a season lasting usually about ninety days; that because of the impossibility of hand-

ling at the winery at one time all the grapes of one season, it was known and understood by all persons delivering grapes, including respondent, to be customary for each person to deliver each day at the winery only such proportion of the daily capacity of the winery as all the grapes to be delivered by each individual for each season bore to the whole amount of grapes to be delive ed to the appellant during such season; that this custom was well known to respondent at the time of entering into the contract, and constituted one of the conditions thereof, and that it was in accordance with this custom that appellant notified respondent not to deliver his grapes at the winery during the season of 1904 at a greater rate than one or two loads per day. The contract provides that respondent will sell and deliver his grapes at certain prices, etc., "and payment will be made as the grapes are delivered." The trial court took the view that these allegations did not constitute a defense to the written contract sued on by respondent. Under the terms of the contract, respondent could make as many deliveries within a given time, say a day, as he pleased, and upon delivery he was entitled to payment. The written contract makes no limitation as to deliveries. The alleged custom would have limited the deliveries to one or two loads a day, and in that respect would have been inconsistent with the written contract. A custom inconsistent with the terms of a written contract is not the proper subject matter of a defense. In the case of *Withers* v. *Moore*, 140 Cal. 591, [74 Pac. 159], the defendant contended that the contract sued upon was subject to a certain custom. In that case, pages 596, 597 of 180 Cal. [pages 160, 161, 74 Pac.], it is said: "The contract as made by the cablegrams and explained in the letter is not uncertain with respect to that point in question. It is a positive agreement by the defendant to buy the coal in question of the plaintiff at the price of twenty-four shillings and three pence per ton, to be delivered to him free of any expense of freight, insurance, exchange or duty, all of which were to be paid by the plaintiff. To attach to this contract the custom of San Francisco, the effect of which would be that if the cargo was not received until after July 1st, 1894, the defendant would pay thirty-five cents less per ton than the price agreed upon, would be to vary the terms of a written contract by parol evidence. The Code provides

that evidence may be given of 'usage, to explain the true character of an act, contract, or instrument, where such true character is not otherwise plain; but usage is never admissible, except as an instrument of interpretation.' (Code Civ. Proc., sec. 1870, subd. 12.) And in accordance with this principle it has been held that it is not competent to vary a written contract by parol proof of a custom where the contract is certain in its terms. (*Holloway* v. *McNear,* 81 Cal. 156, [22 Pac. 514]; *Milwaukee Co.* v. *Palatine* Co., 128 Cal. 74, [60 Pac. 518]; *Ah Tong* v. *Earl Fruit Co.,* 112 Cal. 681, [45 Pac. 7]; *Burns* v. *Sennett,* 99 Cal. 363, [33 Pac. 916].)''

The appellant urges that the trial court should have submitted to the jury certain special issues requested by it. Upon this point the bill of exceptions shows only this: ''The defendant California Wine Association requested the court in writing to direct the jury to find a special verdict in writing upon certain issues in the case specified in such written request, but the court declined to direct the jury to find a special verdict in writing upon all or any of the issues as requested by this defendant, and this defendant duly and regularly excepted to the failure of the court to so instruct the jury.'' The record fails to specify what the request was or upon what issues the appellant desired a special verdict. It fails to point out any error. Error will not be presumed, all intendments being in favor of the regularity of the action of the trial court. (*Sheehy* v. *Shinn,* 103 Cal. 325, [37 Pac. 393]; *In re Yoakum,* 103 Cal. 503, [37 Pac. 485]; *Rudel* v. *Los Angeles Co.,* 118 Cal. 281, [50 Pac. 400]; *McLennon* v. *Wilcox,* 126 Cal. 51, [58 Pac. 305]; *People* v. *Clark,* 121 Cal. 633, [54 Pac. 147].)

The plaintiff was permitted, over the objection and exception of the defendant, to show that persons other than the plaintiff were delayed in the delivery of their grapes. To take the testimony of one witness by way of example, speaking of deliveries, T. R. Chipman said: ''My experience was I got from one to two loads; very seldom two loads. . . . I saw 36 teams delivering there. I didn't stay there night and day. I left my wagon and would go there next day with my team, and get in; if I couldn't I would wait all day and go back home at night again, and go again. That is the way I got my grapes delivered. That was the condition as long as I was there. I had to get a number from the office. Each

man went in in rotation in accordance with the number he got from the office. They would not accept them in any other way.'' The testimony was not admitted to show that because others were delayed in the delivery of their grapes, plaintiff was also delayed. It was admitted to show the congested condition and lack of facilities at the winery for accepting grapes.

It is claimed the court erred in other of its rulings on the admission of evidence, and that it erred in the rejection of certain evidence, and in a motion to strike out certain testimony. We have examined the rulings, and are of the opinion that no error was committed regarding them.

The judgment and order are affirmed.

Cooper, P. J., and Hall, J., concurred.