[Civ. No. 2604. First Appellate District, Division One.—December 23, 1918.]

## A. CARO, Respondent, v. A. MATTEI, Appellant.

PRINCIPAL AND AGENT—CONTRACT FOR COMMISSIONS—CONSTRUCTION— COMMISSION ON SALES FOR DELIVERY IN AGENT'S TERRITORY.— Under a contract by which plaintiff was employed for the sale on commission of defendant's wines, etc., in the United States, except the state of California, the trial court correctly allowed commissions on wines sold to plaintiff's customers at defendant's winery in California for delivery outside the state.

ID.—EVIDENCE—TRADE USAGE.—In such case evidence was properly admitted tending to show that there was in California a well-established trade usage according to which an agent is allowed commissions on sales made in the agent's territory.

APPEAL from a judgment of the Superior Court of Fresno County, and from an order denying a new trial. Geo. E. Church, Judge. Affirmed.

The facts are stated in the opinion of the court.

Barbour & Cashin, Alva E. Snow, H. E. Barbour and P. A. Cashin for Appellant.

Everts & Ewing and M. K. Wild for Respondent.

THE COURT.—This is an appeal by defendant from a judgment and from an order denying his motion for a new trial in an action for commissions upon sales of wine and brandy, of which the defendant was a manufacturer. By a contract dated January 2, 1912, he employed the plaintiff "as his sole representative for the sale of wines and brandies in the United States except the State of California, for the term of two years," subject to the terms and conditions contained in said contract. Defendant agreed to pay plaintiff "as compensation for his services . . . a commission on all sales of the first party's wines and brandies made in the representative's territory of seven and one-half per cent on the minimum price per gallon f. o. b. wineries and distilleries" of defendant, "and a commission of twelve and one-half per cent on all wines and brandies sold at eight cents or more above the minimum price." The contract further provided that the defendant should have the right to fix all prices.

The court, we think, correctly included in its judgment commission claimed on a number of sales for delivery outside the limits of California in cases where the purchasers were customers of the plaintiff conducting their business in plaintiff's territory, although such customers made these particular purchases at the winery of the defendant within this state. The defendant himself had so construed the contract. In at least one case, that of a sale and delivery of goods made in plaintiff's territory, in which the negotiations were not conducted personally, either through the plaintiff or defendant, the latter, recognizing that the purchaser was a customer of the plaintiff, credited him with commission upon the sale. Evidence was also admitted, and properly, we think, tending to show that there was in California a well-established trade usage, according to which an agent is allowed commission on sales made in the agent's territory. Technically, it might be said that since the defendant reserved the right to reject any order taken by plaintiff, no sale was in fact made until ap-

proved by defendant, so that no sale could be made outside the limits of California. But if such a construction were adopted it would leave the plaintiff entitled to no commission upon any sales. We think that under a fair construction of the contract, and according to the interpretation placed upon its terms by the defendant himself, the plaintiff was entitled to commission on such sales made for delivery in his territory. This case differs from *Golden Gate Packing Co.* v. *Farmers' Union,* 55 Cal. 606, cited by appellant. In that case the selling agent was given the exclusive agency in certain territory for the sale of certain products, and the contract provided that it should have a commission on *such* sales, but in the case at bar the respondent was not only given the exclusive agency in the territory set out in the contract, but the language of the contract further provides that he shall be paid a commission upon all sales of appellant's wines and brandies made in respondent's territory. In the case cited, the language of the contract could not be construed as creating an obligation to pay commissions except upon sales made by the agent.

We need not determine in this case what is meant by the expression used in the contract "minimum price," for assuming that the defendant's definition of that phrase is correct, and that he is also correct in his contention that the commission should be calculated according to the dates of certain schedules established by him, still we are unable to say that the court committed any error in this regard. It is true that the referee, in making up his report, divided the time covered by the contract into six month periods, and took as the minimum in arriving at plaintiff's commission the lowest price at which any grade of wine or brandy was sold during those respective periods; but testimony independent of the report was heard by the court; and assuming, contrary to the claim of plaintiff, that the method adopted was not consented to by defendant, still, as there is nothing in the record to indicate that the court acted upon the referee's tabulation so made up in six month periods, we cannot, for the reason here assigned, reverse the judgment.

The only other point relied upon by the defendant upon this appeal is the claim that the court admitted evidence showing certain sales made prior to the operation of the contract, but of which shipment was made during such operation. It is true that if commissions were in fact allowed on those sales

the judgment ought to be modified to the extent thereof. As some deliveries were made after January 2, 1912, the date when plaintiff's employment under the contract commenced, of orders taken by plaintiff in 1911, it was doubtless deemed advisable that the referee's report, under a separate and proper heading, should distinguish between such sales and those made during the contract period—the latter forming the basis of the litigation—in the same way that the report segregated sales made before the expiration of the contract, but of which delivery was made after such expiration. In fact, it was stipulated in so many words that the referee's report should embrace the very matter now objected to. And there is nothing in the record to indicate that the judgment rendered by the court included commission on any sales made prior to January 2, 1912, when the contract went into effect. The testimony in the record without conflict is to the effect that those matters were fully adjusted by the parties, and we cannot assume that the court ignored that evidence. Moreover, from the findings of the court we think it appears that the court based its conclusion as to the amount of money due plaintiff only upon sales made under the contract, and took into consideration no prior sales.

The judgment and order are affirmed.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 20, 1919.

All the Justices concurred.