[Civ. No. 6912. First Appellate District, Division Two.—November 25, 1930.]

A. A. CHAMBERLIN, Appellant, v. N. GALLUCCI, etc., Respondent.

Victor Clarke for Appellant.

Albert Picard for Respondent.

BURROUGHS, J., *pro tem.*—This action was commenced. by the plaintiff to recover the sum of $6,650 alleged to be due him as commissions upon a contract for the sale of furniture. There is also a second count in the complaint in *quantum meruit* for the same amount as stated in the first cause of action. The contract sued upon is dated November 9, 1925, and is between the plaintiff A. A. Chamberlin, as the party of the first part, and N. Gallucci, an individual doing business under the firm name and style of Universal Manufacturing Co., the party of the second part, and hereinafter referred to as the Manufacturing Co. It is provided in said contract that plaintiff would handle the merchandise line of the Manufacturing Company in San Francisco for two years excepting the Emporium account; that plaintiff should receive a commission of five per cent on all orders taken and accepted by the factory; that plaintiff should sell not less than $10,000 per month beginning January 1, 1926, otherwise the contract to be void; that plaintiff should not handle any other line but that of the Manufacturing Company. There is a further provision "That upon ·the resignation of the salesman Mr. McKee, now covering the bay towns and San Jóse, that territory will be turned over to A. A. Chamberlin." It is claimed by the plaintiff that between January 1, 1926, and March 25, 1927, being the period of his employment by the Manufacturing Company, he sold to John Breuner Company stores in Oakland, Sacramento and Stockton, furniture to

the amount of $132,698.58; that he also made sales to the Better Homes Furniture Company in the sum of $2,441.94; that he has never received any commissions on said sums and there is now due him as commissions on said sales $6,756.95. The defendant denied the indebtedness and by way of a counterclaim sought to recover the sum of $129.65. The court adjudged that plaintiff take nothing by his action and awarded the defendant the full amount of his counterclaim, together with his costs. From the judgment the plaintiff has appealed.

The appeal is taken upon the sole ground that the findings are wholly unsupported by and directly contrary to the evidence. It is too well settled to require citation of authority that if there is any substantial evidence to sustain the findings they will not be disturbed on appeal. Before examining the evidence we deem it necessary to determine the nature of the contract sued upon. It appears to be the contention of appellant that the contract is an exclusive one and that the defendant on or about the month of March, 1926, having given plaintiff permission to sell to the Breuner stores, he, the plaintiff, was then entitled to a commission on all sales made irrespective of whether he obtained the orders therefor or not. He cites in support of this position the case of *Caro* v. *Mattei*, 39 Cal. App. 253 [178 Pac. 537]. As we read this case, the contract of employment appointed plaintiff as the sole representative of the defendant and the contract was by its terms an exclusive one. The defendant in that case also agreed to pay plaintiff commissions on all sales of his product made in plaintiff's territory. An examination of the contract in the case at bar shows that neither of these elements is present. We believe that the true rule applicable to this class of contracts is that laid down in *Golden Gate Packing Co.* v. *Farmers Union*, 55 Cal. 506, where it is held that under a contract the defendant should have the exclusive agency for the sale of plaintiff's products east of the state of California upon a commission basis and it was proved that plaintiff had sold some of its products to other persons to be sent to the states east of the state of California, the court held: "We are unable to discover anything in the agreement which forbade the selling of its goods by the plaintiff to whomever would purchase them in any part of the world. It could not, under

the agreement, establish any other agency than that ,of defendant for the sale of its goods east of the state of California. And there is no evidence tending in any degree to prove that it did. It is not stipulated that the defendant should have the exclusive sale of the plaintiff's goods within the territory mentioned, and there is nothing in the agreement from which we can infer that such was the intention of the parties.'' In the contract before us there is nothing that makes it an exclusive one for the sale of the Manufacturing Company's products. We are, therefore, of the opinion that it is not an exclusive contract and that the defendant was not precluded from selling his goods whenever and whereever he pleased.

■ The evidence material to a decision of this case is as follows: The defendant Gallucci testified that the plaintiff came to his place of business and consulted with him about giving him work as a salesman; that he returned later to plaintiff's place of business with a formal contract prepared for their signatures. One of the clauses of the contract was that plaintiff should have an exclusive right for the San Francisco territory; that defendant thereupon told him that he would not give nor had he ever given to any salesman exclusive rights in any territory. He also told plaintiff that he would give him five per cent on all goods that the plaintiff would sell when the sales were accepted by the defendant and on reorders of such sales and not otherwise. Plaintiff thereupon left defendant's place of business and again returned with another contract written in long hand with the objectionable clause stricken out. Whereupon the contract was copied on the typewriter by defendant's stenographer and signed by both parties. This evidence was corroborated by Alexander Harris, who was present when the contract was prepared and signed. This witness testified that the defendant told the plaintiff that he would not give any salesman the exclusive right to sell his line in any territory, that he would be paid only on orders that he took and brought in and that he would obtain five per cent commission on such orders. Plaintiff stated that that was agreeable to him. Defendant told the plaintiff that he himself sold to the John Breuner Company stores. The defendant further testified that he sold all the goods to John Breuner Company during the employment of the plain-

tiff and that none were sold by or through the plaintiff. He further testified that the goods sold to the Better Homes Company were sold by himself and that the only orders for which he paid plaintiff were those brought in by the plaintiff himself or reorders from the customers brought in by plaintiff; that plaintiff received detailed monthly statements of the amount of the commissions due him and on other occasions his overdrafts where his account had been overdrawn, and that plaintiff made no complaint that they were incorrect or of any omissions or that he was entitled to any more money and that he would pay his overdrafts; that, during the time the plaintiff was employed by the defendant, the plaintiff borrowed $500 from the defendant and repaid the same after leaving the employ of the defendant and at the time of repayment he made no claim for the sums now sought to be collected, but did promise to pay the sum of $129.65, being the amount of the counterclaim. There is further evidence in the record, but we are of the opinion that the foregoing recital is sufficient to support the findings. Having reached this conclusion, no useful purpose would be served by setting out the remaining evidence either for or against said findings as it would only result in a conflict.

Appellant also claims that under the evidence it has been proved that there is a well-established trade usage according to which an agent is entitled to a commission on sales made in the agent's territory. There is evidence supporting such a custom, but irrespective of such a custom, it cannot vary or alter the terms of a written contract. (*Holloway* v. *McNear*, 81 Cal. 154 [22 Pac. 514].)

We see no reason for a reversal of the judgment, and it is therefore affirmed.

Sturtevant, J., and Nourse, P. J., concurred.